No. 66.—ELBRIDGE G. CABINESS, plaintiff in error, *vs.* JAMES R. CRAWFORD and WIFE, defendants in error.

In Equity, in Bibb Superior Court. Decision by Judge POWERS, September Term, 1856.

Marshalling Securities, and Injunction.

This bill was filed by James R. Crawford and Martha J

his wife, formerly Martha J. Bell, against Allen Sutton, the security of James Bell, deceased, the late guardian of said Martha, and others, creditors of said Allen Sutton.

The bill alleges that Mrs. Crawford was entitled to an estate under the will of her grandfather, which came into the hands of said James Bell, who was appointed her guardian, with said Allen Sutton as his security. That the only negro belonging to her, was, by an order of the Court of Ordinary, sold by her guardian; and the proceeds of sale, together with all the money and funds belonging to her, in his hands, was invested and laid out in erecting and furnishing a hotel in the town of Oglethorpe, the legal title to which is in said Sutton, and claimed by him as his own.

That Bell died about the 1st of March, 1853, insolvent; and Sutton his security is likewise hopelessly insolvent.

That all the estate and funds belonging to said Martha, in the hands of her guardian, came into the possession of Sutton, his security; and complainants claim that they are entitled to have so much of Sutton's property, as is necessary to pay off and discharge their demands, appropriated thereto, in preference to his other creditors.

The Chancellor ordered an injunction, and the same was issued and served.

*Elbridge G. Cabiness,* one of the defendants enjoined, put in his answer, stating that he knew nothing of the charges and allegations contained in the bill, except those in relation to himself: that he is a judgment creditor of said Sutton and is desirous and anxious to collect the amount due to him; said Sutton purchased from defendant two lots in the town of Oglethorpe, for the price of $650, and he gave to him his bond for titles to be executed upon the payment of the purchase money; that defendant has obtained judgment against said Sutton for the balance due on said purchase, a part having been paid; that he has a lien upon said lots prior and paramount to all others, and prays to be hence discharged.

Upon the filing of said answer, defendants' counsel moved to dissolve the injunction as to him; and after hearing argument, the Court overruled said motion, and ordered the injunction to be retained till the hearing; and defendant ex-excepted.

Cook & Montford, for plaintiff in error.

E. H. Allen, for defendants in error.

*By the Court.*—Benning, J. delivering the opinion.

On the hearing of this case, the Court intimating an opinion that there was no equity in the bill as against Cabiness, further than the right of the complainants to obtain from him a transfer of his *fi. fas.* and judgments, by paying him what was due thereon, and the counsel for the complainants thereupon saying that they would be satisfied with a transfer on those terms, and the counsel for Cabiness expressing a willingness that the transfer should be made on those terms; this Court made in substance the following judgment, viz: that the injunction should be dissolved as to Cabiness; but that the complainants should have leave to pay to him the amount of his *fi. fas.*, and that he should thereupon transfer to them the *fi. fas.* and the judgments on which they were founded, and that on receiving such transfer, they should stand in his place with respect to the *fi. fas.* and judgments; and that if he should refuse to receive such payment, and make such transfer, the injunction should be restored.